UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOROTHY DUMAY,<br><br>    Plaintiff,<br><br>    v.<br><br>WINNRESIDENTIAL CALIFORNIA L.P., et al.,<br><br>    Defendants. | Case No. 24-cv-06253-LJC<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO STRIKE AND CONTINUING DECEMBER 5, 2024 CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. No. 14 |

Plaintiff Dorothy Dumay brings this action against Defendants WinnResidential California L.P. and Menlo Westridge Affordable Partners, LP, alleging that Defendants discriminated against her on the basis of her disabilities by failing to provide her with requested reasonable accommodations. ECF No. 1 (Compl.) at 2. Plaintiff claims Defendants violated in the Federal Fair Housing Act, Unruh Civil Act, Fair Employment and Housing Act, and Disabled Persons Act. *Id.* at 1. Before the Court is Plaintiff's Motion to Strike Defendants' twenty-one[1] affirmative defenses to Plaintiff's Complaint. ECF No. 14. Plaintiff requests that fifteen of Defendants' defenses be stricken without leave to amend and the remainder be stricken with leave to amend. The Court finds this matter suitable for resolution without oral argument and vacates the hearing set for December 17, 2024. For the reasons discussed below, Plaintiff's Motion is GRANTED in part and the parties are directed to meet and confer regarding Defendants' amendments to their Answer.

Defendants filed a late statement of non-opposition that appears to request leave to amend their answer in its entirety. *See* ECF No. 20. Defendants have not explained why they should be

---

[1] Although the Answer does not include a twenty-first affirmative defense, as the Answer lists two eighth affirmative defenses, Defendants raise in total twenty-one affirmative defenses.

1  granted leave to amend their affirmative defenses, even where Plaintiff has detailed why, as a
2  matter of law, the affirmative defenses are inapplicable. Where Plaintiff has made it apparent that
3  an asserted defense is 1) plainly inapplicable to the claims in this case or 2) is merely an argument
4  that Plaintiff has not met her burden as to an element she is required to prove rather than an actual
5  affirmative defense, Defendants' failure to file a timely or substantive response amounts to a
6  waiver of the affirmative defense. *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th
7  Cir. 2002) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an
8  affirmative defense."). Affirmative Defenses Three and Eighteen apply to the Americans with
9  Disabilities Act, which Plaintiff does not claim Defendants violated. *See* Compl. These defenses
10 are stricken without leave to amend. Defendants raise contributory and third-party negligence as
11 their Fourth and Fifth Affirmative Defenses. ECF No. 9 at 7-8. However, Plaintiff has not alleged
12 Defendants acted negligently, and accordingly Affirmative Defenses Four and Five are stricken
13 without leave to amend. *See* Compl.; *Whiting v. City of Palm Desert*, No. EDCV 17-01395, 2018
14 WL 6034968, at *4 (C.D. Cal. May 17, 2018) (finding no authority supporting "the proposition
15 that [Defendants] can assert a contributory negligence defense in [the housing discrimination]
16 context in the absence of a negligence claim."). Affirmative Defenses One, Two, Sixteen, and
17 Nineteen attack alleged defects in Plaintiff's prima facie case and are not true affirmative
18 defenses. ECF No. 9 at 7, 10. These are stricken without leave to amend as well. The remaining
19 affirmative defenses are stricken with leave to amend, as discussed below.

20 Defendants argue that they should be granted leave to amend the answer in its entirety, as
21 leave to amend should be liberally granted when there is no prejudice to Plaintiff. ECF No. 20
22 at 1. The Court, however, finds that it would be prejudicial to Plaintiff to allow Defendants to
23 amend the above defenses. The undisputed record indicates clearly that Plaintiff endeavored to
24 avoid motion practice by meeting and conferring with Defendants as required by the
25 undersigned's Standing Order (Para E.1). ECF No. 14-1 (McGuinness Decl.) ¶¶ 3-5. If Defendants
26 had participated in the meet and confer with Plaintiff, as they were invited to, Defendants could
27 have made concessions as to the inapplicability of certain affirmative defenses and Plaintiff would
28 have been required to expend fewer resources researching the viability of such claims and

preparing briefing to have them stricken. Finally, if the Court were to grant leave to amend broadly, based on the mere filing of a statement of non-opposition, this would, in effect, grant Defendants a generous extension to respond to Plaintiffs' motion without any record substantiating that good cause exists to warrant such an extension. Defendants' statement of non-opposition makes no representation as to the reasons for the delayed response or that they have agreed to narrow their affirmative defenses in any particular way or supplement allegations. *See* ECF No. 20.

For those affirmative defenses that the Court has stricken with leave to amend, Affirmative Defenses Six through Fifteen (including both Eighth Affirmative Defenses), Seventeen, and Twenty, the parties shall meet and confer by December 13, 2024 and file a status report by December 20, 2024, as to which, if any, affirmative defenses Defendants have agreed to withdraw. In the joint status report, the parties shall also affirm that they have read the undersigned's Standing Order and the Northern District's Guidelines for Professional Conduct. Thereafter, by December 27, 2024 Defendants shall file their amended answer. Plaintiff may move to strike any remaining affirmative defenses that it believes are defective by January 10, 2025.

The Case Management Conference currently scheduled for December 5, 2024 is continued to January 23, 2025 at 1:30 pm. The Court is in receipt of the parties' Joint Case Management Statement and Proposed Order. ECF No. 19. The proposed schedule is not feasible as it includes several dates that have already passed. The parties are directed to meet and confer and file a revised Joint Case Management Statement and Proposed Order by January 16, 2025.

**IT IS SO ORDERED.**

Dated: December 3, 2024

LISA J. CISNEROS
United States Magistrate Judge

3